IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MINISTRY OF OIL OF THE REPUBLIC OF IRAQ, | § § § | |
| Plaintiff, | § § | |
| vs. | § § § | CIVIL CASE NO. 3:14-CV- 249 |
| 1,032,212 BARRELS OF CRUDE OIL ABOARD THE UNITED KALAVRVTA and the MINISTRY OF NATURAL RESOURCES OF THE KURDISTAN REGIONAL GOVERNATE OF IRAQ, | § § § § § § § § | **ADMIRALTY** – FED. R. CIV. P. 9(h) |
| Defendants. | § | |

**PLAINTIFF MINISTRY OF OIL OF THE REPUBLIC OF IRAQ'S VERIFIED
COMPLAINT AND REQUEST FOR MARITIME ARREST,
POSSESSION OR WRIT OF ATTACHMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff the Ministry of Oil of the Republic of Iraq ("MoO") and files

suit against the 1,032,212 net barrels of crude oil (the "Cargo") aboard the UNITED

KALAVRVTA IMO# 92090397 (the "Vessel"), *in rem,* and against the Ministry of Natural

Resources of the Kurdistan Regional Governate ("KRG"), *in personam*, and avers as follows:

**I.  PRELIMINARY STATEMENT**

1.      This is a case of admiralty and maritime jurisdiction and is an admiralty or

maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and brought pursuant

to In rem sd and the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.      Plaintiff seeks repossession of its Cargo which was wrongfully converted and

unlawfully loaded on the UNITED KALAVRVTA when the Vessel was docked in navigable

waters outside Ceyhan, Turkey.

## II.  PARTIES

3.      ***Plaintiff.***  Plaintiff MoO is an organ of the Government of the Republic of Iraq ("Iraq"), foreign sovereign, and maintains its principal office in Baghdad, Iraq.  MoO does not intend to waive sovereign immunity by filing this Complaint.

4.      ***Defendant in rem.***  At all relevant times the UNITED KALAVRVTA was and is a Marshall Islands Flag, ocean-going oil tanker vessel engaged in the carriage of oil products by sea for hire between various foreign and domestic ports.  On information and belief, the UNITED KALAVRVTA and the Cargo aboard are now, or during the pendency of this action will be, within this District and within the jurisdiction of this Court.

5.      ***Defendant in personam.***  On information and belief, at all times relevant to this action, the Ministry of Natural Resources of the Kurdistan Regional Governate of Iraq is a subsidiary region of Iraq under Iraqi law and maintains its principal office in Erbil in the Kurdistan Region of Iraq.  The Plaintiff is informed and believes and therefore alleges that none of the officers of Defendant Ministry of Natural Resources of the KRG is now within this District and that the Defendant does not maintain an office within this District; but that there are now or will be during the pendency of this action certain goods, within this District, to wit: the Cargo claimed to be owned by Defendant Ministry of Natural Resources of the KRG and in the charge of the Vessel's Master on board.

## III.  JURISDICTION AND VENUE

6.      This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1).

7.      The acts and conduct alleged herein occurred on navigable waters and have a disruptive impact on maritime commerce.

8.      Venue is proper in this Court because the Vessel and the Cargo are or soon will be in this District.

## IV.  FACTUAL BACKGROUND

9.      The Cargo at issue in this suit is comprised of 1,032,212 net barrels of crude oil aboard the UNITED KALAVRVTA.  The net weight of the Cargo is 143,238,909 metric tons, and it is valued at over $100,000,000.  Pursuant to Article 111 of the Constitution of the Republic of Iraq, the people of the Republic of Iraq have legal title to the Cargo.  (Ex. A, Iraqi Constitution Excerpts.)  Accordingly, the Cargo belongs to the people of the Republic of Iraq in all the regions and governorates.  The United States recognizes the Government of the Republic of Iraq, established by the aforementioned Constitution, as the sole legitimate government of the entire territory of the Republic of Iraq.  Pursuant to the laws of the Republic of Iraq, Plaintiff MoO must approve the storage, transport, export or sale of any oil products belonging to the people of the Republic of Iraq, including the crude oil contained in the subject Cargo.

10.     The Cargo in this suit was produced from wells drilled in the Kurdistan region of Iraq.  In December of 2013, without the consent of the MoO, a division, agency or instrumentality of the Kurdistan Regional Government began pumping the illegally produced crude oil through a pipeline originating in Iraq and running to Ceyhan in Turkey, known as the "Iraq-Turkey Pipeline" or "ITP"[1].   MoO instructed the Government of Turkey and its pipeline operator, Botas, to hold the crude oil for the account of MoO.  Nonetheless, that division, agency or instrumentality of the Kurdistan Regional Government continued to illegally pump Iraqi oil.

---

[1] The ITP is a pipeline that runs from Kirkuk to Ceyhan, constructed and operated pursuant to the Crude Oil Pipeline Agreement dated August 27, 1973 between the Republic of Turkey and the Republic of Iraq, and its subsequent amendments and protocols (the "ITP Agreement").   The ITP Agreement provides that crude oil may only be transported, stored and loaded through ITP facilities upon the instruction of MoO or MoO's Oil Marketing Company, SOMO.  It provides that the pipeline and storage and loading facilities are for the exclusive use of MoO.

11.     Despite clear instructions from MoO, the Bota did not hold the crude oil for the account of MoO.  Instead, they transferred the Cargo to the KRG by loading it on a Vessel designated by the KRG.  An act of conversion occurred on or about June 22, 2014, when the Defendant Ministry of Natural Resources of the KRG purposed to take or acquire a proprietary interest in the Cargo from a division, agency or instrumentality of Turkey and loaded it on the tanker UNITED KALAVRVTA in the navigable waters off of Ceyhan, Turkey.  The Ministry of Natural Resources of the KRG which loaded the Cargo is not the owner of the oil nor does it have any title on the oil, which has been illegally misappropriated.

12.     On June 23, 2014, the Vessel left Ceyhan with the Cargo.  On the same day, the KRG caused a bill of lading to be issued in which the oil was 'to be delivered . . . unto order' of the KRG Ministry of Natural Resources.  (Ex. B, Bill of Lading.)

13.     The crude oil is currently at sea, aboard the UNITED KALAVRVTA.    The Vessel has changed destinations multiple times, first designating Augusta as its port of call, then Gibraltar, and most recently Galveston on the United States Gulf, where it is scheduled to arrive on July 28, 2014.  Subsequent acts of conversion may have occurred on navigable waters as the vessel was in transit.

## V.  CAUSES OF ACTION

### A.     FIRST CAUSE OF ACTION:  RULE D ACTION FOR POSSESSION AND TO TRY TITLE OF WRONGFULLY CONVERTED CARGO

14.     Plaintiff repeats and reiterates each and every allegation as if specifically set forth herein at length and alleges:

15.     Plaintiff has legal title or a legal claim to the Cargo aboard the UNITED KALAVRVTA.  Plaintiff has been wrongfully deprived of the Cargo.

16.     Plaintiff having set forth facts sufficient to warrant possession of the property comprising the *in rem* defendant pursuant to Rule D of the Supplemental Rules of Admiralty or Maritime Claims seeks a grant of possession of same with all ancillary relief prayed for herein.

**B.     SECOND CAUSE OF ACTION:  RULE B *IN PERSONAM* ACTION FOR ATTACHMENT BASED ON MARITIME TORT OF CONVERSION OF THE CARGO**

17.     Plaintiff repeats and reiterates each and every allegation as if specifically set forth herein at length and alleges in the alternative:

18.     Defendant Ministry of Natural Resources of the KRG committed the maritime tort of conversion when it purported to take or acquire a proprietary interest in the Cargo, valued at $100,000,000, and loaded it on the UNITED KALAVRVTA in the navigable waters off of Ceyhan, Turkey on June 22, 2014.  Subsequent acts of conversion may have occurred on navigable waters as the vessel was in transit.

19.     Plaintiff repeatedly objected to Defendant Ministry of Natural Resources of the KRG's exercise of dominion or control over the Cargo.  Accordingly, Defendant knew that its exercise of dominion or control was wrongful, and such wrongful exercise was intentional and interfered with the Plaintiff's rights in the Cargo.  Specifically, Plaintiff has been unable to market the Cargo and has suffered loss of the value of the Cargo and lost profits.

20.     Plaintiff seeks attachment of the Cargo up to $100,000,000, as security for its maritime conversion claim against Defendant Ministry of Natural Resources of the KRG.

21.     Plaintiff avers on information and belief that Defendant Ministry of Natural Resources of the KRG cannot be found within the District, within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

22.     On information and belief, Defendant Ministry of Natural Resources of the KRG purports to be the owner of the Cargo.  The Cargo aboard the UNITED KALAVRVTA is subject to this Court's writ of attachment.

## VI.  EXIGENT CIRCUMSTANCES

23.     Exigent circumstances exist that make court review impracticable.

24.     Until June 21, 2014, all of this crude oil that makes up the Cargo was kept in storage and remained in Turkey.  Defendant Ministry of Natural Resources of the KRG has transported the Cargo and appears poised to sell it.

25.     Indeed, on information and belief, AET, Inc. Ltd. and AET Offshore Services, Inc. has entered into a lightering contract to provide lightering services to undertake final delivery of the Cargo from the UNITED KALAVRVTA to shore.  (Ex. C.  Tanker Lightering Contract).  In executing such operation, AET, Inc. Ltd. and AET Offshore Services, Inc. will be located within this District.

26.     The sale of the Cargo, which will be detrimental to Plaintiff's ability to re-possess it for later sale, may occur at any moment under the AET, Inc. Ltd. and AET Offshore Services, Inc. lightering contract.

## VII.  NOTICE PURSUANT TO FED. R. CIV. P. 44.1

27.     Pursuant to Fed. R. Civ. P. 44.1, Plaintiff gives notice that it intends to raise an issue about a foreign country's laws.

## VIII.  PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays:

    a) That a judgment be entered awarding Plaintiff as its *in rem* relief the permanent and unrestricted possession of the Cargo as defined and enumerated herein;

b) Until such final judgment of possession is entered, Plaintiff prays pursuant to Rule D of the Supplemental Rules of Admiralty or Maritime Claims that this Court or the Clerk of Court will issue the attached proposed Warrant for Arrest of the Cargo or any portion of the Cargo that may come into the District by lighter, so that the United States Marshal may take such actions as are necessary so as to promptly, peacefully and securely repossess the Cargo pending final judgment herein;

c) That a copy of the Complaint, Order and Warrant for Arrest be served upon AET, Inc. Ltd. or AET Offshore Services, Inc.;

d) That a copy of the Complaint, Order and Warrant for Arrest be served upon any other lightering vessel that removes the Cargo from the UNITED KALAVRVTA and brings it to shore;

e) That, after arrest, the Court permit Plaintiff to move the Cargo, at cost to the Plaintiff and under the supervision of the United States Marshal, to a storage facility in order to allow for the safekeeping of the Cargo but to allow for the free movement of the Vessel;

f) That all persons claiming any interest in the Cargo may be cited to appear and answer the matters aforesaid;

g) That the Court order, adjudge and decree that plaintiff have a decree against Defendant Ministry of Natural Resources of Kurdistan for the claim asserted by plaintiff herein, together with interest and costs;

h) That the Court order process to attach to the Cargo; and

   i)   The Court award Plaintiff such other and further relief that this Court deems just

and proper.

Dated July 28, 2014.                             Respectfully submitted,

**VINSON & ELKINS LLP**

PHILLIP B. DYE, JR.
Attorney-in-Charge
Federal ID No. 7216
State Bar No. 06311500
John J. Michael
Federal ID No. 36495
Telephone: 713-758-2048
Facsimile:  713-615-5766
1001 Fannin Street
Suite 2500
Houston, Texas 77002
pdye@velaw.com; jmichael@velaw.com

Liane Noble
Federal ID No. 2329197
State Bar No. 24079059
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
Telephone:  512-542-8505
Facsimile:  512-236-3234
lnoble@velaw.com

**ATTORNEYS FOR PLAINTIFF**
**MINISTRY OF OIL OF THE**
**REPUBLIC OF IRAQ**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MINISTRY OF OIL OF THE REPUBLIC OF IRAQ, | § § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL CASE NO. 3:14-CV- 249 |
| 1,032,212 BARRELS OF CRUDE OIL ABOARD THE UNITED KALAVRVTA and the MINISTRY OF NATURAL RESOURCES OF THE KURDISTAN REGIONAL GOVERNATE OF IRAQ, | § § § § § § § | |
| Defendants. | § | |

**DECLARATION OF PHILLIP B. DYE, JR. IN SUPPORT OF VERIFIED COMPLAINT
FOR MARITIME ARREST, POSSESSION OR ATTACHMENT**

1.      My name is Phillip B. Dye, Jr.  I am 54 years old and am fully competent to make this declaration.  I have personal knowledge of the facts stated in this declaration and they are all true and correct.

2.      I am the attorney for the Plaintiff herein.  I have read the foregoing Complaint and know the contents thereof are true to the best of my knowledge, except as to the matters therein stated to be on information and belief, and as to those matters I believe it to be true.

3.      The sources of my information and the grounds of my belief are statements and records furnished to me by the Plaintiff, its officers and agents.

4.      To the best of my knowledge, the Defendant Ministry of Natural Resources of the KRG cannot be found within this District.  Defendant Ministry of Natural Resources of the KRG does not maintain offices or telephone listings within the Southern District of Texas, is not

incorporated or registered to do business in the State of Texas, and does not have registered

agents for the receipt of service of process in the State of Texas.

5.       Exigent circumstances exist that make court review of Plaintiff's request for arrest

impracticable.

6.       Until June 21, 2014, all of the crude oil that makes up the Cargo was kept in

storage and remained in Turkey.  Defendant Ministry of Natural Resources of the KRG has

transported the Cargo and appears poised to sell it.  The sale of the Cargo, which will be

detrimental to Plaintiff's ability to re-possess it for later sale, may occur at any moment under the

AET, Inc. Ltd. and AET Offshore Services, Inc. lightering contract.

7.       The reason this verification is not made by the Plaintiff is that it is a foreign state,

none of the officers of which is now within this District and which does not maintain an office in

this jurisdiction.

_____
PHILLIP BOYE, JR.

Signed this 28th day of July, 2014.