**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **MINISTRY OF OIL OF THE** | § | |
| **REPUBLIC OF IRAQ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **C.A. No. 3:14-cv-249** |
| | § | |
| **1,032,212 BARRELS OF CRUDE OIL,** | § | |
| **THE KURDISTAN REGION OF IRAQ,** | § | |
| **AND JOHN DOE BUYER,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT THE KURDISTAN REGION OF IRAQ'S MOTION FOR
CERTIFICATION UNDER 28 U.S.C. § 1292(B) AND FOR A STAY PENDING APPEAL**

Defendant the Kurdistan Region of Iraq ("KRG") files this Motion for Certification Under 28 U.S.C. § 1292(b) and for a Stay Pending Appeal. As discussed herein, well-settled case law warrants an interlocutory appeal of this Court's Order of January 7, 2015 (Dkt. No. 57) (the "Order"). The KRG therefore respectfully requests that the Court amend the Order to state, in accordance with 28 U.S.C. § 1292(b), that an interlocutory appeal is warranted because the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." The KRG further requests that this Court enter a stay in this action pending the KRG's interlocutory appeals from the Order.

2403915-1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

I.  STATEMENT OF THE NATURE OF THE PROCEEDINGS ............................ 1

II.  ISSUES TO BE RULED UPON AND STANDARD OF REVIEW ................... 2

III.  SUMMARY OF ARGUMENT ................................................................ 2

IV.  CERTIFICATION OF AN INTERLOCUTORY APPEAL IS
     APPROPRIATE.......................................................................................... 5

     A.  The Pendency of the FSIA Appeal Weighs in Favor of
         Certification. .............................................................................. 6

     B.  The Order Involves a "Controlling Question of Law."............................ 6

     C.  There Are Substantial Grounds for  Differences of Opinion on the
         Relevant Matters. ........................................................................ 9

     D.  An Immediate Appeal Will Materially  Advance the Ultimate
         Termination of the Litigation.................................................... 10

V.  THE CIRCUMSTANCES JUSTIFY A STAY PENDING APPEAL.................. 12

CONCLUSION........................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Abecassis v. Wyatt*,
   No. 09-cv-3884, 2014 WL 5483724 (S.D. Tex. Oct. 29, 2014) .............................................. 7

*Adhikari v. Daoud & Partners*,
   No. 09-cv-1237, 2012 WL 718933 (S.D. Tex. Mar. 5, 2012) ................................................ 7

*Adkinson v. Int'l Harvester Co.*,
   975 F.2d 208 (5th Cir. 1992) .......................................................................................... 10

*Ahrenholz v. Bd. of Trustees*,
   219 F.3d 674 (7th Cir. 2000) ..................................................................................... 2, 5, 6

*APCC Servs., Inc. v. Sprint Commc'ns Co., L.P.*,
   297 F. Supp. 2d 90 (D.D.C. 2003) ................................................................................. 11

*Apostol v. Gallion*,
   870 F.2d 1335 (7th Cir. 1989) ....................................................................................... 12

*Blinco v. Green Tree Serv., LLC*,
   366 F.3d 1249 (11th Cir. 2004) ................................................................................. 2, 12

*BP Chems. Ltd., an English Corp. v. Jiangsu SOPO Corp. (Group) Ltd.*, 420 F.3d 810
   (8th Cir. 2005)................................................................................................................. 3

*Callejo v. Bancomer, S.A.*,
   764 F.2d 1101 (5th Cir. 1985) ...................................................................................... 8, 9

*Castellanos-Contreras v. Decatur Hotels, LLC*,
   622 F.3d 393 (5th Cir. 2010) ........................................................................................ 5, 9

*Coates v. Brazoria Cnty. Tex.*,
   919 F. Supp. 2d 863 (S.D. Tex. 2013) ............................................................................ 11

*E.E.O.C. v. Bass Pro Outdoor World, LLC*,
   No. 11-cv-3425, 2014 WL 6453606 (S.D. Tex. Nov. 17, 2014) ........................................... 7

*Energy Mgmt. Servs., LLC v. City of Alexandria*,
   739 F.3d 255 (5th Cir. 2014) ........................................................................................... 7

*First Nat'l City Bank v. Banco Nacional de Cuba*,
   406 U.S. 759 (1972)........................................................................................................ 8

*Fisher v. Halliburton*,
   667 F.3d 602 (5th Cir. 2012) ........................................................................................ 7, 9

*Fisher v. Halliburton*,
   703 F. Supp. 2d 639 (S.D. Tex. Mar. 25, 2010) ............................................................ passim

*Hadjipateras v. Pacifica, S.A.*,
   290 F.2d 697 (5th Cir. 1961) ................................................................................... 5

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982) ............................................................................................... 12

*Hilton v. Braunskill*, 481 U.S. 770 (1987) ......................................................................... 2, 13

*In re Chinese-Manufactured Drywall Prods. Liability Litig.*,
   753 F.3d 521 (5th Cir. 2014) .................................................................................. 7

*In re Sealed Case No. 98-3077*,
   151 F.3d 1059 (D.C. Cir. 1998) ............................................................................. 14

*Johnston v. Multidata Sys. Int'l Corp.*,
   523 F.3d 602 (5th Cir. 2008) .................................................................................. 7

*Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020 (D.C. Cir. 1997) .................. 3

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
   213 F.3d 841 (5th Cir. 2000) .................................................................................. 13

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in
   Amministrazione Straordinaria*,
   921 F.2d 21 (2d Cir. 1990) ..................................................................................... 7

*Lemery v. Ford Motor Co.*,
   244 F. Supp. 2d 720 (S.D. Tex. 2002) .................................................................... 11

*McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331 (11th Cir. 2007) .................................. 3

*Mitchell v. Forsyth*,
   472 U.S. 511 (1985) ............................................................................................... 12

*Moore v. Tangipahoa Parish Sch. Bd.*,
   507 F. App'x 389 (5th Cir. 2013) ........................................................... 2, 13, 14, 15

*Moran v. Kingdom of Saudi Arabia*,
   27 F.3d 169 (5th Cir. 1994) ................................................................................... 14

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996) ....................................................................... 3

*Occidental of Umm al Qaywayn, Inc. v. A Certain Cargo of Petroleum Laden Aboard the
   Tanker Dauntless Colocotronis*,
   577 F.2d 1196 (5th Cir. 1978) ............................................................................... 8

*Praxair, Inc. v. Florida Power & Light Co.*, 64 F.3d 609 (11th Cir. 1995) .................................. 3

*Rogers v. City of San Antonio, Tex.*,
   No. 99-cv-1110, 2003 WL 1571550 (W.D. Tex. Mar. 24, 2003)........................................ 10

*Ruiz v. Estelle*,
   650 F.2d 555 (5th Cir. 1981) ............................................................................... 13

*Spectrum Stores, Inc. v. Citgo Petroleum Corp.*,
   632 F.3d 938 (5th Cir. 2011) ........................................................................... 8, 9, 13

*Swint v. Chambers Co. Comm.*,
   514 U.S. 35 (1995)................................................................................................. 5

*Tesco Corp. v. Weatherford Int'l, Inc.*,
   722 F. Supp. 2d 755 (S.D. Tex. 2010) .................................................................... 7

*Ungar v. Palestine Liberation Org.*,
   402 F.3d 274 (1st Cir. 2005)............................................................................... 2, 12

*United States v. Edward Rose & Sons*,
   384 F.3d 258 (6th Cir. 2004) ............................................................................... 14

*United States v. Moats*,
   961 F.2d 1198 (5th Cir. 1992) .............................................................................. 6

*Walter Fuller Aircraft Sales, Inc. v. Republic of Philippines*, 965 F.2d 1375 (5th Cir.
   1992) ......................................................................................................................... 3

*Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*,
   559 F.2d 841 (D.C. Cir. 1977) ............................................................................. 14

*Workman v. Jordan*,
   958 F.2d 332 (10th Cir. 1992) .............................................................................. 12

*Yamaha Motor Corp. v. Calhoun*,
   516 U.S. 199 (1996)................................................................................................. 5

## Statutes

28 U.S.C. § 1292(b) ...................................................................................... passim

28 U.S.C. § 1330............................................................................................... 1

28 U.S.C. §§ 1602-11 ...................................................................................... 1

## Other Authorities

16 Wright, Miller & Cooper, Fed. Prac. & Proc. §§ 3929.1, 3930 (3d ed. 2014) .............. 2, 3, 6, 9

4 Am. Jur. 2d <u>Appellate Review</u> § 123 (2012) ............................................................................ 9

**Rules**

Fed. R. Civ. P. 12(b)(6).................................................................................................................. 1

## I.  STATEMENT OF THE NATURE OF THE PROCEEDINGS

In its Second Amended Verified Complaint (Dkt. No. 39, the "SAC"), plaintiff the Ministry of Oil of the Republic of Iraq (the "MoO") seeks to have this Court adjudicate a dispute between two sovereign entities within the same foreign state.  One of those entities (Defendant the Kurdistan Region of Iraq ("KRG")) is the only constitutionally recognized Region in Iraq, and the other (the MoO) is a ministry of the central government.  This dispute is about the KRG's alleged conversion of oil in Iraq and whether the MoO or the KRG has the right under the Iraqi Constitution to control the extraction, export, and sale of oil located in the territory of the Kurdistan Region of Iraq, where oil resources were developed by the KRG after the Iraqi Constitution took effect in 2005.

The KRG sought dismissal of the SAC based on (1) lack of subject matter jurisdiction under the political question doctrine; (2) lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. §§ 1330, 1602-11; (3) lack of admiralty jurisdiction; (4) the inability of the Court to adjudicate this dispute under the act of state doctrine; and (5) the MoO's failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  The KRG further asserted that the MoO's claim that it is enforcing a purported ban on unauthorized exports is barred by the penal law doctrine.

On January 7, 2015, this Court issued its Order (Dkt. No. 57) (the "Order") denying the KRG's motion to dismiss as to all issues except the lack of admiralty jurisdiction.  In accordance with the Order, the following causes of action remain pending:  (1) the MoO's in personam action against the KRG for a violation of Iraqi federal law; (2) a writ of sequestration of cargo under Texas law which, pursuant to the Order, will not be heard "unless and until the cargo is brought into U.S. waters" (Order at 17); and (3) a claim for conversion under Texas law against Defendant John Doe Buyer.

## II.      ISSUES TO BE RULED UPON AND STANDARD OF REVIEW

The issues presented by this motion are (1) whether the Order should be amended to certify an interlocutory appeal under 28 U.S.C. § 1292(b) and (2) whether the litigation should be stayed pending appeal.

Certification of an interlocutory appeal is appropriate under Section 1292(b) when an order involves a "controlling question of law" for which there is "substantial ground for difference of opinion" and immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 675 (7th Cir. 2000); *Fisher v. Halliburton*, 703 F. Supp. 2d 639, 665 (S.D. Tex. Mar. 25, 2010) (Miller, J.). The existence of at least one ruling subject to immediate appeal as of right "may easily justify certification of an order that would not be certified if no other appeal were to be taken."   16 Wright, Miller & Cooper, Fed. Prac. & Proc. § 3929.1 (3d ed. 2014).

"The factors for evaluating the appropriateness of a stay pending appeal are well-established: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Moore v. Tangipahoa Parish Sch. Bd.*, 507 F. App'x 389, 392 (5th Cir. 2013) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). A stay is presumptively appropriate when a foreign sovereign appeals the denial of sovereign immunity.  *See Ungar v. Palestine Liberation Org.*, 402 F.3d 274, 293 (1st Cir. 2005); *Blinco v. Green Tree Serv., LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004).

## III.   SUMMARY OF ARGUMENT

The KRG files this memorandum of law in support of its motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b) and to issue a stay pending appeal. The KRG

respectfully submits that it may appeal this Court's Order as a matter of right because foreign states and their political subdivisions are entitled to immediately appeal an order denying immunity under the FSIA.  *See Stena Rederi AB v. Comision de Contratos*, 923 F.2d 380, 385 (5th Cir. 1991).   Accordingly, the KRG intends imminently to file a notice of appeal on this issue.  At the same time, the KRG also seeks from this Court certification of an interlocutory appeal of the Order under Section 1292(b) to ensure that the other closely related issues decided against the KRG—*i.e.*, the political question doctrine, the act of state doctrine, and failure to state a claim—can be appealed together and decided by the Court of Appeals at the same time as the sovereign immunity question.[1]   Certification of an interlocutory appeal is warranted where, as here, at least one holding can be appealed as of right and that holding is closely related to other holdings in the same order.  *See* 16 Wright, Miller & Cooper, Fed. Prac. & Proc. § 3929.1 (3d ed. 2014) (collecting cases and noting that using Section 1292(b) to "expand the potential scope of an appeal taken on a collateral-order or similar theory . . . . may easily justify certification of an order that would not be certified if no other appeal were to be taken"); *Praxair, Inc. v. Florida Power & Light Co.*, 64 F.3d 609, 611 (11th Cir. 1995) (granting certification under Section 1292(b) "in order to remove any doubt about the jurisdiction of this

---

[1] The KRG asks for certification under Section 1292(b) to ensure appellate review of all case-dispositive rulings contained in the Order.  However, it is likely that the Court of Appeals for the Fifth Circuit would invoke supplemental jurisdiction to consider these issues even in the absence of certification.  *See Walter Fuller Aircraft Sales, Inc. v. Republic of Philippines*, 965 F.2d 1375, 1387 (5th Cir. 1992) (exercising pendent appellate jurisdiction to consider the defendants' act of state arguments in connection with a claim of sovereign immunity because "the act of state issue is closely related to the issue of sovereign immunity" and deciding the issue would promote "the interest of judicial economy"); *Morin v. Caire*, 77 F.3d 116, 119-20 (5th Cir. 1996) ("In the interest of judicial economy, this court may exercise its discretion to consider under pendent appellate jurisdiction claims that are closely related to the issue properly before us.  Although we generally exercise this power with caution, it is appropriate for us to do so in this situation, for if we were to refuse to exercise jurisdiction over the state law claims, our refusal would defeat the principal purpose of allowing an appeal of immunity issues before a government employee is forced to go to trial."); *see also McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1357 (11th Cir. 2007) (exercising pendent appellate jurisdiction to hear appeal of district court's ruling on political question doctrine); *BP Chems. Ltd., an English Corp. v. Jiangsu SOPO Corp. (Group) Ltd.*, 420 F.3d 810, 818 (8th Cir. 2005) (exercising pendent appellate jurisdiction to hear appeal of district court's personal jurisdiction ruling); *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1027 (D.C. Cir. 1997) (same).

panel").  As discussed below, the joint consideration of these related issues on appeal would promote judicial economy by avoiding piecemeal litigation and multiple appeals.

Moreover, the issues presented by the Court's other holdings against the KRG readily satisfy the standards for discretionary appeal under Section 1292(b).  This Court's jurisdiction to adjudicate the MoO's claims, as well as the facial validity of those claims under the Iraqi Constitution and the act of state doctrine, present controlling questions of law that require no further factual development.  At a minimum, there are substantial grounds for differences of opinion as to these issues.  Indeed, no court anywhere, much less a U.S. court, has determined who has the right to control the extraction, export, and sale of oil from future fields under the Iraqi Constitution.  Instead, U.S. courts have consistently declined to adjudicate disputes that, at their core, seek a political determination about the proper management or allocation of natural resources within a foreign state.  The Order is also at odds with longstanding precedent that courts in the United States may not adjudicate claims regarding ownership rights to land— including rights to natural resources—when the land in question is outside the forum state.  An immediate appeal of these complicated and closely related issues would materially advance the termination of this litigation and serve the interests of judicial economy.  The KRG therefore respectfully requests the certification of an interlocutory appeal under Section 1292(b).

The KRG further asks this Court to stay proceedings during the pendency of its appeal. Stays in the district court pending appeal are routinely issued in cases involving the denial of sovereign immunity.  One purpose of such immunity is to protect foreign sovereigns from the burdens of litigation (at least until questions of jurisdiction are resolved on appeal in accordance with the FSIA); the benefits of that immunity and protection would be irretrievably lost if the KRG were forced to proceed with full-blown litigation while pursuing the appeal of its

entitlement to sovereign immunity.  Thus, a stay is necessary to ensure that the KRG can pursue

a meaningful appeal of this Court's denial of its entitlement to sovereign immunity.

## IV.    CERTIFICATION OF AN INTERLOCUTORY APPEAL IS APPROPRIATE.

Section 1292(b) provides an exception to the general rule that appeals may be taken only

from final judgments.  The  exception exists because in certain cases the "orderly administration

[of justice] is frustrated" when a case "grinds through to a final judgment as the sole medium

through which to test the correctness of some isolated identifiable point of fact, of law, of

substance or procedure."  *Hadjipateras v. Pacifica, S.A.*, 290 F.2d 697, 702–03 (5th Cir. 1961)

(noting that § 1292(b) "was a judge-sought, judge-made, judge-sponsored enactment" aimed at

encouraging efficient appeals).  The provision thus permits certification of "interlocutory orders

deemed pivotal and debatable."  *Swint v. Chambers Co. Comm.*, 514 U.S. 35, 46 (1995).  Such

an interlocutory appeal is appropriate when a ruling involves a "controlling question of law" for

which there is "substantial ground for difference of opinion" and an immediate appeal "may

materially advance the ultimate termination of the litigation."   28 U.S.C. § 1292(b); *see also*

*Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 675 (7th Cir. 2000); *Fisher v. Halliburton*, 703 F.

Supp. 2d 639, 665 (S.D. Tex. Mar. 25, 2010) (Miller, J.).

The text of Section 1292(b) makes clear that "it is the order, not the question, that is

appealable."  *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 398-99 (5th Cir.

2010) (en banc) (citing *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 205 (1996)).  Therefore,

this Court need only find that there is a single controlling question of law within the Order that

would justify an exercise of discretion to certify the appeal.  *See Castellanos-Contreras*, 622

F.3d at 398-99.  That standard is easily met here.

## A.    The Pendency of the FSIA Appeal Weighs in Favor of Certification.

Certification of this appeal would promote judicial efficiency because at least one ruling is subject to immediate appeal as of right, without regard to any certification by this Court. Specifically, the denial of sovereign immunity under the FSIA triggers an immediate right to appeal under the collateral order doctrine.   *See Stena Rederi*, 923 F.2d at 385; *see also*, *e.g.*, *United States v. Moats*, 961 F.2d 1198, 1203 (5th Cir. 1992) (collateral order doctrine gives appellate courts ability to hear appeal of denial of sovereign immunity because "sovereign immunity is an immunity from the burdens of becoming involved in any part of the litigation process, from pre-trial wrangling to trial itself").  Based on this longstanding precedent, the KRG will imminently file an interlocutory appeal to challenge the denial of its sovereign immunity. Given that such an appeal will be pending in any event, the certification of the Order in its entirety will best serve the interest of judicial economy and the goal of avoiding piecemeal litigation and multiple appeals.

## B.    The Order Involves a "Controlling Question of Law."

The Order denying the KRG's motion to dismiss on grounds of sovereign immunity, the political question doctrine, and the act of state doctrine plainly involves controlling questions of law.  A controlling question of law must be "an 'abstract legal issue'" that involves "a 'statutory or constitutional provision, regulation or common law doctrine.'"  *Fisher*, 703 F. Supp. 2d at 665 (quoting *Ahrenholz*, 219 F.3d at 676–77).  Questions of law that have been "found to be controlling commonly involve the possibility of avoiding trial proceedings, or at least curtailing and simplifying pretrial or trial."  16 Wright, Miller & Cooper, Fed. Prac. & Proc. § 3930 (3d ed. 2014); *see also Fisher*, 703 F. Supp. 2d at 665 (a question of law is "controlling" if a case "will continue or end depending on [its] outcome").  "Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' it is clear that a question of law is

6

'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 23–24 (2d Cir. 1990) (permitting interlocutory review of denial of motion to dismiss, in order to review rulings on political question doctrine, sovereign immunity, and personal jurisdiction).[2]

District courts readily certify—and the Fifth Circuit regularly accepts such certifications of—interlocutory appeals on jurisdictional issues.  *See, e.g.*, *In re Chinese-Manufactured Drywall Prods. Liability Litig.*, 753 F.3d 521, 528 (5th Cir. 2014) (accepting certified appeal related to personal jurisdiction); *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (accepting certified appeal challenging the district court's exercise of supplemental jurisdiction); *Fisher v. Halliburton*, 667 F.3d 602, 606, 608 (5th Cir. 2012) (accepting certified appeal related to subject matter jurisdiction); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 608–09 (5th Cir. 2008) (accepting certified appeal related to issues of personal jurisdiction involving conduct in foreign countries).

The Order contains rulings on several controlling questions of law that, in addition to the denial of sovereign immunity under the FSIA, justify an interlocutory appeal under Section 1292(b), including:  (1) ruling that the political question doctrine is inapposite; (2) ruling that the act of state doctrine is inapposite; and (3) ruling that the MoO's claims are not facially defective under the Iraqi constitution.  Reversal of the Court's ruling as to any of these issues would require the termination of this litigation as to both the KRG and John Doe Buyer.

---

[2] Courts in this district have frequently relied on the Second Circuit's *Klinghoffer* opinion.  *See, e.g.*, *Abecassis v. Wyatt*, No. 09-cv-3884, 2014 WL 5483724, at *3 (S.D. Tex. Oct. 29, 2014) (Miller, J.); *E.E.O.C. v. Bass Pro Outdoor World, LLC*, No. 11-cv-3425, 2014 WL 6453606, at *3 (S.D. Tex. Nov. 17, 2014); *Adhikari v. Daoud & Partners*, No. 09-cv-1237, 2012 WL 718933, at *2 (S.D. Tex. Mar. 5, 2012); *Tesco Corp. v. Weatherford Int'l, Inc.*, 722 F. Supp. 2d 755, 766 (S.D. Tex. 2010).

The political question doctrine "expresses the jurisdictional limitations imposed upon federal courts by the case or controversy requirement of Art. III." *Spectrum Stores, Inc. v. Citgo Petroleum Corp.*, 632 F.3d 938, 948 (5th Cir. 2011) (internal punctuation and citation omitted). Article III does not empower courts to decide what U.S. foreign policy should be with respect to a fundamentally political dispute between the central government of a foreign state and a political subdivision of that same state over the control, extraction, export, and sale of natural resources within that foreign state. *Id.* at 950-51; *see also Occidental of Umm al Qaywayn, Inc. v. A Certain Cargo of Petroleum Laden Aboard the Tanker Dauntless Colocotronis*, 577 F.2d 1196, 1204 (5th Cir. 1978). The issue of non-justiciability under the political question doctrine is a legal question that, if resolved in the KRG's favor, would require dismissal of the suit. *Id.*

The act of state doctrine presents similar justiciability and political considerations because it "is grounded in the principle that 'juridical review of acts of state of a foreign power could embarrass the conduct of foreign relations by the political branches of the government.'" *Spectrum Stores*, 632 F.3d 938, 954 (quoting *First Nat'l City Bank v. Banco Nacional de Cuba*, 406 U.S. 759, 765 (1972)). Recognition of the act of state doctrine creates an independent ground for dismissal. *See id.* at 954–56 (holding in the alternative that act of state doctrine required dismissal even if political question did not); *see also Callejo v. Bancomer, S.A.*, 764 F.2d 1101, 1125–26 (5th Cir. 1985) (applying act of state doctrine to affirm dismissal). This doctrine controls both the claims against the KRG and against John Doe Buyer, because every claim in this case would require the Court ultimately to pass judgment on the sovereign actions of the KRG, the MoO, and Turkey, undertaken within their respective territory, and for purposes of the doctrine, "the relevant acts are not merely those of the named defendants, but *any* governmental acts whose validity would be called into question by adjudication of the suit."

*Spectrum Stores*, 632 F.3d at 954 (quoting *Callejo*, 764 F.2d at 1115).  Therefore, if the KRG prevails on its act of state doctrine argument on appeal, this action will end in its entirety.

Finally, the finding that the MoO has stated a claim under Iraqi law similarly presents a controlling question of law that, if decided for the KRG, would require dismissal and result in the termination of this litigation.  The MoO's claims unquestionably depend upon the view that the KRG converted oil by extracting and controlling it within the Kurdistan Region of Iraq—to the exclusion of the MoO—and then compounded the problem by exporting and selling the oil without the MoO's permission.  Should the Fifth Circuit determine that the KRG had the right to control oil from its own region, or that the MoO lacked the right to control such oil, dismissal would be required and termination of the litigation would result.  *See*, *e.g.*, KRG's Motion to Dismiss Plaintiff's Second Amended Verified Complaint (Dkt. 44-1), at 28–34; KRG's Reply in Support of its Motion to Dismiss (Dkt. 52-1), at 13–15; KRG's Response to the Surreply in Support of its Motion to Dismiss (Dkt. 56-1), at 4–5.

### C.    There Are Substantial Grounds for Differences of Opinion on the Relevant Matters.

Certification under Section 1292(b) is appropriate so long as there is a question "about which reasonable jurists can . . . debate."  *Castellanos-Contreras*, 622 F.3d at 399.  This element is satisfied where "novel and difficult questions of first impression are presented" or "complicated questions arise under foreign law."  4 Am. Jur. 2d *Appellate Review* § 123 (2012) (citations omitted); *see also Fisher*, 667 F.3d at 608 (5th Cir. 2012) (deciding certified appeal on issue of first impression).  Moreover, in circumstances where litigation that may "threaten to endure for several years depend[s] on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold of doubt."  16 Wright, Miller & Cooper, Fed. Prac. & Proc. § 3930 (3d ed. 2014).

The difference of opinion standard is satisfied here.  No U.S. court has ever adjudicated a dispute between two political entities from the same sovereign nation regarding the allocation of authority with respect to natural resources located in a region of the foreign state.  The dispute here involves competing claims of sovereignty over natural resources which implicit foreign laws that have never been interpreted by U.S. courts.  Indeed, deciding the merits of this case requires the interpretation of a foreign constitution (that is less than a decade old) which reflects a political compromise as to the allocation of sovereignty over oil.  Given that any interference by a U.S. court risks upsetting Iraq's fragile, new constitutional system, at a minimum the appropriateness of a United States court resolving such a dispute in the first instance is a question about which reasonable jurists can debate.  *See Adkinson v. Int'l Harvester Co.*, 975 F.2d 208, 211 (5th Cir. 1992) (explaining that district court certified appeal for an issue of first impression); *see also Rogers v. City of San Antonio, Tex.*, No. 99-cv-1110, 2003 WL 1571550, at *2 (W.D. Tex. Mar. 24, 2003) (certifying interlocutory appeal where there were "novel issues on which there is a dearth of case law").

Likewise, the substantive issue presented by the MoO's claim—the control over oil from "future fields" in the Kurdistan region—is a "novel" one that no court in Iraq, let alone in this country, has addressed.  While the KRG believes that the briefing on this issue unequivocally demonstrates that the MoO's position is untenable (and indeed, a fundamental betrayal of the political compromise that formed the basis for the relevant provisions of the Iraqi Constitution), the briefing at a minimum shows grounds for reasonable dispute on the question.

### D.    An Immediate Appeal Will Materially Advance the Ultimate Termination of the Litigation.

An interlocutory appeal would advance the ultimate termination of the litigation, avoid piecemeal litigation, and serve the interests of judicial economy.  An appeal materially advances

a case where the issue's resolution will "speed up the litigation" and promote the economical use of judicial resources.  *Fisher*, 703 F. Supp. 2d at 665; *see Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 728 (S.D. Tex. 2002); *APCC Servs., Inc. v. Sprint Commc'ns Co., L.P.*, 297 F. Supp. 2d 90, 100 (D.D.C. 2003) (granting certification where an "immediate appeal would conserve judicial resources and spare the parties from possibly needless expense if it should turn out that this Court's rulings are reversed").  To evaluate whether an interlocutory appeal would satisfy this standard, courts consider whether the appeal would (1) eliminate the need for trial; (2) resolve complex issues so as to simplify the trial; or (3) address issues that could simplify discovery.  *Coates v. Brazoria Cnty. Tex.*, 919 F. Supp. 2d 863, 867 (S.D. Tex. 2013) (citation omitted).  If the appellate court's "answer could completely terminate the litigation," it naturally has the effect of "speeding it up."  *Fisher*, 703 F. Supp. 2d at 665.

Here, success on any one of the legal issues subject to certification—the political question doctrine, act of state doctrine, and dismissal for failure to state a claim under Iraqi law—would at a minimum eliminate the need for further litigation with regard to the most hotly disputed claims, and in all likelihood would terminate this case completely.  As explained above, certification is especially favored for novel legal questions related to jurisdiction because of their threshold nature.  *See* pp. 7, 9–10, *supra*; *see also Lemery*, 244 F. Supp. 2d at 728 (granting certification of a jurisdictional question because it "would pain the Court" for the parties to "proceed to judgment after considerable expense and delay, only to discover that the judgment must be overturned on appeal because the federal judiciary lacks subject matter jurisdiction").

Moreover, in light of the KRG's automatic right to appeal the FSIA issue, it would be more efficient to certify the Order in its entirety to ensure that other controlling questions of law are considered by the Fifth Circuit alongside the FSIA issue, rather than seriatim.  Judicial

economy would be disserved by allowing the Fifth Circuit to consider the FSIA issue alone, only to require subsequent appeals on related issues that could have been decided previously, thus avoiding additional litigation altogether.

## V.      THE CIRCUMSTANCES JUSTIFY A STAY PENDING APPEAL.

If the Court were to certify an interlocutory appeal, the circumstances plainly justify a stay pending the appeal.  Even if the Court were to deny certification, a stay pending the KRG's appeal-as-of-right of the denial of sovereign immunity ensures that the KRG can seek meaningful appellate review of its entitlement to immunity.  A stay is presumptively appropriate when a foreign sovereign appeals the denial of sovereign immunity.  *See Blinco v. Green Tree Serv., LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) ("A district court, therefore, properly stays discovery pending appeal of a denial of immunity."); *Ungar v. Palestine Liberation Org.*, 402 F.3d 274, 293 (1st Cir. 2005).  *Cf. Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) ("Certainly, if discovery should not be allowed until the threshold question [of qualified immunity] is resolved, a case should not be permitted to proceed to trial until the question is resolved."); *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989) ("The justification for the interlocutory appeal is that the trial destroys rights created by the immunity.  It makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one.") (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Moreover, when an appeal is certified under Section 1292(b), interests of judicial economy favor a stay.  *See generally Fisher*, 703 F. Supp. 2d at 665 (granting stay following Section 1292(b) certification).  In evaluating a stay application, courts consider:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Moore*, 507 F. App'x at 392 (quoting *Hilton*, 481 U.S. at 776).

For this Court to grant a stay, the KRG "'need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.'" *Id.* (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)).[3] This matter poses complex and serious questions involving the ability of U.S. courts to intervene in a political dispute over the ownership of natural resources between two entities within the boundaries of a foreign sovereign. The KRG has made a "strong showing" that existing Fifth Circuit precedent governing the political question and act of state doctrines precludes adjudication of this dispute. Indeed, the territorial dispute over oil that the Fifth Circuit found textually committed to the political branches in *Occidental*, 577 F.2d at 1204, closely resembles the dispute related to sovereignty over oil that is at issue here and will likely be followed by the Fifth Circuit on appeal. Similarly, the KRG has shown that the merits ruling requested by the MoO "would reflect a value judgment on their decisions and actions—a diplomatic determination textually committed to the political branches." *Spectrum Stores*, 632 F.3d at 951. The KRG has also put forward a substantial showing that the legal arguments advanced by the MoO cannot survive dismissal under Rule 12(b)(6).

Allowing the case to proceed while an appeal is pending would irreparably harm the KRG and would be contrary to the purposes of the FSIA. The FSIA grants foreign states "immunity not only from liability, but from the burdens of litigation as well." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 847 (5th Cir. 2000); *see Moran v. Kingdom of Saudi*

---

[3] Should this Court grant certification under Section 1292(b), this element would be inherently be satisfied due to the existence of "a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b).

*Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) ("[T]his Court has previously held that immunity under the FSIA is effectively lost if a case is permitted to go to trial.").   The KRG will suffer irreparable harm if it is subject to the burdens of litigation for claims to which it is immune.  *See Moore*, 507 F. App'x at 399 (holding a state would suffer irreparable harm absent a stay where the challenged order "forces it to answer for claims in federal court that are likely barred by Eleventh Amendment immunity"); *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1065–66 (D.C. Cir. 1998) (noting that the D.C. Circuit had observed, in the context of granting mandamus to vacate discovery orders implicating sovereign immunity, "that the infliction of the 'burdens' of discovery might cause irreparable harm to one who asserts an immunity from those very burdens").   The pending litigation also threatens irreparable harm to the KRG by effectively enjoining it from selling oil in this country during the midst of a profound economic and military crisis in which the KRG's security and survival are at stake.   Allowing an appeal of these case-dispositive issues will expedite the conclusion of this litigation, whereas permitting the litigation to proceed would further burden the KRG's rights in the absence of a definitive determination of jurisdiction by the Court of Appeals.

The MoO, on the other hand, will suffer no harm by the entry of a stay pending appeal.   The standard for harm to the non-moving party is high.   *See, e.g.*, *United States v. Edward Rose & Sons*, 384 F.3d 258, 264 (6th Cir. 2004) (the non-movant must run the risk of suffering "irreparable" harm); *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 n.3 (D.C. Cir. 1977) (requiring "substantiation of severe economic impact" when evaluating whether the non-moving party would suffer substantial harm).   The MoO cannot meet this standard where it has expressed its willingness to put this case on hold pending future developments in Iraq.   *See* Letter from P. Dye to the Hon. Gray H. Miller, at 2 (Dec. 5,

2014) (stating the MoO's preference for "a formal stay of consideration of" the KRG's Motion to Dismiss during ongoing negotiations within Iraq).  Moreover, the MoO's admiralty claims have been dismissed and the Court has acknowledged that it does not have subject matter jurisdiction over the Cargo at issue.  The MoO is left with *in personam* claims for money damages, the type of non-urgent remedy for which delay is no special hardship.  If anything, an appeal benefits all parties by expediting the resolution of this litigation and preventing both parties from expending resources that may ultimately be unnecessary.

Finally, compelling public interest concerns favor the entry of a stay.  These include the separation-of-powers concerns implicated by the political question doctrine, the importance of implementing Congress's views on sovereign immunity as enacted by the FSIA (including a foreign sovereign's right to appeal an adverse immunity ruling), and the act of state doctrine's limits on second-guessing the actions of sovereign foreign governments.  *See Moore*, 507 F. App'x at 399 (holding that "the public interest factor leans in favor of" a stay where the matter to be stayed "invokes significant concerns related to principles of federalism and comity").  In this case, staying the Court's ruling will allow appellate review of its decisions on these weighty issues and thereby vindicate the public interest.

## CONCLUSION

For the foregoing reasons, the KRG respectfully requests that the Court (1) amend the Order to state that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b); (2) certify the Order for immediate appeal to the Fifth Circuit; and (3) stay this case pending the outcome of the interlocutory appeal.

Respectfully submitted,

*/s/ Harold K. Watson*
Harold K. Watson
Texas Bar No. 20938500
Federal I.D. No. 4345
Attorney-in-Charge
Dimitri P. Georgantas
Texas Bar No. 07805100
Federal I.D. No. 2805
Eugene W. Barr
Texas Bar No. 24059425
Federal I.D. No. 1144784
CHAFFE MCCALL, L.L.P.
801 Travis Street, Suite 1910
Houston, Texas 77002
713-546-9800 Telephone
713-546-9806 Facsimile

Michael J. Gottlieb
William C. Jackson
Samuel C. Kaplan
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
202-237-2727 Telephone
202-237-6131 Facsimile
MGottlieb@bsfllp.com
WJackson@bsfllp.com
SKaplan@bsfllp.com

Christopher E. Duffy
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
212-446-2300 Telephone
212-446-2350 Facsimile
CDuffy@bsfllp.com

ATTORNEYS FOR DEFENDANT,
THE KURDISTAN REGION OF IRAQ

16

OF COUNSEL:

Gary Born
WILMER CUTLER PICKERING HALE AND DORR LLP
49 Park Lane
London W1K 1PS
United Kingdom
44-20-7872-1020 Telephone
gary.born@wilmerhale.com

David W. Ogden
David W. Bowker
David Z. Gringer
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
202-663-6000 Telephone
202-663-6363 Facsimile
david.ogden@wilmerhale.com
david.bowker@wilmerhale.com
david.gringer@wilmerhale.com

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on the 15th day of January, 2015, I conferred with Plaintiff's counsel, Phillip

Dye, by telephone. Mr. Dye indicated that he would inquire whether his client had any objection,

but that his client's offices would be closed on Friday and Saturday, January 16 and 17, and that

he did not know whether he would be able to get a response during that period.  I spoke with Mr.

Dye again on Tuesday, January 20, 2015, and asked if he had heard from his client, and he

indicated that he had not.

*/s/ Harold K. Watson*
Harold K. Watson

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 20th day of January, 2015, I served a true and correct copy of the

foregoing Defendant the Kurdistan Region of Iraq's Motion for Certification Under 28 U.S.C.

§ 1292(b) and for a Stay Pending Appeal pursuant to Rule 5 of the Federal Rules of Civil

Procedure, via the CM/ECF Filing System and/or by depositing the same in the United States

Mail, postage prepaid and properly addressed to all known counsel of record:

> Phillip B. Dye, Jr.
> John J. Michael
> Vinson & Elkins LLP
> 1001 Fannin Street, Suite 2500
> Houston, Texas 77002
> pdye@velaw.com
> jmichael@velaw.com
>
> Liane Noble
> Vinson & Elkins LLP
> 2801 Via Furtuna, Suite 100
> Austin, Texas 78746-7568
> lnoble@velaw.com
>
> Boaz S. Morag
> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, NY 10006
> bmorag@cgsh.com

*/s/ Harold K. Watson*
Harold K. Watson
