UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MINISTRY OF OIL OF THE REPUBLIC OF IRAQ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION G-14-249 |
| | § | |
| 1,032,212 BARRELS OF CRUDE OIL ABOARD | § | |
| THE UNITED KALAVRVTA and the MINISTRY | § | |
| OF NATURAL RESOURCES OF THE KURDISTAN | § | |
| REGIONAL GOVERNATE OF IRAQ, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court are two motions. At the outset, the court grants the unopposed motion for leave to file excess pages (Dkt. 70) by defendant Kurdistan Regional Governate of Iraq (the "KRG") and accepts the KRG's attached reply (Dkt. 70-1) for its consideration. The second motion is the KRG's motion for certification under 28 U.S.C. § 1292(b) and for a stay pending appeal. Dkt. 59. After considering the motion, response, reply and applicable law, the court is of the opinion that the motion should be GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

This case involves a dispute between Iraq and the Kurdistan region of Iraq as to the ownership of more than one million barrels of crude oil (the "cargo"). The cargo has been laden aboard the tanker UNITED KALAVRVTA off the coast of Galveston, Texas, since late July 2014 until at least late January 2015.[1] Plaintiff, the Ministry of Oil of the Republic of Iraq (the "MoO"),

---

[1] On January 20, 2015, the KRG informed the court that "given the mounting cost and continued delays occasioned by this litigation, the UNITED KALAVRVTA will soon be forced to move to another destination in order to pass special surveys designed to maintain its class certification." Dkt. 61-2. The KRG went on to explain: "However, just as the KRG continues to export oil to markets around the world, the KRG will soon dispatch additional shipments of oil to the United States. The KRG will also continue to assert and protect its rights to control, develop, manage, export and sell

filed this lawsuit in July 2014. After the KRG successfully challenged the jurisdiction of the court to hear the case, the MoO filed its second amended complaint, and the KRG filed a motion to dismiss all claims. The KRG asserted that the claims were precluded by the Foreign Sovereign Immunities Act ("FSIA"), the political question doctrine, the act of state doctrine, a lack of admiralty jurisdiction, and Federal Rule of Civil Procedure Rule 12(b)(6). This court found that the MoO had not established admiralty jurisdiction. But, the court denied the motion, finding that the FSIA, political question doctrine and act of state doctrine did not deprive the court of jurisdiction or present a non-justiciable claim. Further, the court found that the MoO had pled sufficient facts to support a claim for relief under Rule 12(b)(6).

The KRG filed an appeal of the court's denial of its claim of sovereign immunity under the FSIA. Dkt. 60. The KRG also filed the present motion seeking certification of the entire order so that the court's conclusions about the applicability of the political question doctrine, act of state doctrine, and Rule 12(b)(6) could be reviewed along with the court's FSIA conclusion. The KRG additionally seeks a stay of the case until the Fifth Circuit Court of Appeals has ruled on the issues that will be before it, which includes at least this court's denial of sovereign immunity under the FSIA. The MoO has responded and the motion is ripe.

## II. CERTIFICATION OF ISSUES FOR APPEAL

### A. Legal Standard

Courts of appeals "have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291. This rule avoids the "delay and extra effort of piecemeal appeals." *Clark-Dietz and Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). However, interlocutory appeals are allowed before final judgment in certain

---

oil from the Kurdistan Region." *Id.*

circumstances, including in civil actions where an order would not otherwise be appealable, if the judge states in writing that the order involves 1) a controlling question of law as to which there is 2) substantial ground for difference of opinion and that 3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 18 U.S.C. § 1292(b). These types of appeals are exceptional, and they are only permitted when all the requirements are met. *Clark-Dietz*, 702 F.2d at 69. Further, once a district court certifies an order for interlocutory review, the court of appeals is not required to hear the case; it has discretion on whether to hear the case. *Castellanos–Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010). "Under § 1292(b), it is the order, not the question, that is appealable." *Id.* at 398.

The appellate court can also "consider claims under [its] pendent appellate jurisdiction that are *closely related to* the order properly before [the court]." *Walter Fuller Aircraft Sales, Inc. v. Republic of Phil.*, 965 F.2d 1375, 1387 (5th Cir. 1992) (emphasis added). Courts exercise this discretionary power to promote judicial economy, but do so with caution. *Id.*

Some district court orders are immediately and automatically appealable. For example, in the Fifth Circuit, a "district court's refusal to dismiss on the grounds of FSIA immunity is immediately appealable under the collateral order doctrine." *U.S. v. Moats*, 961 F.2d 1198, 1201 (5th Cir. 1992). This rule "effectuate[s] the guarantee that immune parties will not become embroiled in litigation . . . ." *Id.*

### B. Analysis

The Fifth Circuit allows an immediately appeal of a district court's denial of immunity under the FSIA, and the KRG has already filed its appeal of the court's FSIA decision. The KRG now asks the court to certify the order in its entirety, in addition to the FSIA decision that is already on appeal. The KRG argues that, in addition to the FSIA decision, the standard in § 1292(b) is met in relation

to all of the issues decided against it in the order: 1) the applicability of the political question doctrine; 2) the applicability of the act of state doctrine; and 3) the 12(b)(6) ruling. Further, the KRG makes an overarching argument that certification of the entire order would be efficient and promote judicial economy.

The MoO disagrees, arguing that just because an appeal is pending on the FSIA does not allow the KRG to circumvent the requirements of § 1292(b) as to the other provisions of the order. Further, the MoO explains that efficiency is not included as an element of the statutory language of § 1292(b). As to the whether the § 1292(b) elements have been met, the MoO argues that none of the claims upon which an interlocutory appeal is predicated have a substantial ground for difference of opinion, and the KRG has not satisfied its burden to establish that an interlocutory appeal will advance the litigation.

As to the KRG's efficiency argument, even if this court does not certify the order because it fails to meet the requirements of § 1292(b), the Fifth Circuit has the discretion to use its pendent appellate jurisdiction to consider issues closely related to the order that is properly before the court, in the interest of judicial economy. Therefore, because efficiency is not included in the language of § 1292(b), and the Fifth Circuit has the ability to consider claims related to those properly before it in the interest of judicial economy, this court will focus on the three requirements to certify an appeal in the statutory language and leaves the consideration of efficiency to the appellate court.[2]

The court begins by looking at whether there are substantial grounds for differences of opinion in the challenged order. "Courts have found substantial ground for difference of opinion where a trial court rules in a manner which appears contrary to rulings of all Courts of Appeals

---

[2] Were the court able to consider efficiency and the promotion of judicial economy, it might well tip the balance in favor of certification.

which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Abecassis v. Wyatt*, No. H-09-3884, 2014 WL 5483724, at *3 (S.D. Tex. Oct. 29, 2014) (slip copy) (citing *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006); *see also* Am. Jur. 2d Appellate Review § 123 (2015). However, "just because a court is the first to rule on a particular question, or just because counsel contends that one precedent, rather than another, is controlling, does not mean that there is such a substantial difference of opinion as will support an interlocutory appeal." Am. Jr. § 123; *Ryan*, 444 F. Supp. 2d at 724. And, the "threshold for establishing a substantial ground for difference of opinion is higher than mere disagreement or even the existence of some contrary authority." *Coates v. Brazoria Cnty. Tex.*, 919 F. Supp. 2d 863, 868 (S.D. Tex. 2013).

The KRG argues that "[c]ertification under § 1292(b) is appropriate here so long as there is a question about which reasonable jurists . . . can debate." Dkt. 59 at 15 (citing *Castellanos-Contreras*, 622 F.3d at 399). And, because no U.S. court has adjudicated a dispute like this one, and resolution involves the interpretation of a new foreign constitution, the KRG asserts that the appropriateness of a U.S. court's involvement is a question about which reasonable jurists can debate. *Id.* at 16.

The MoO argues that the laws in question —application of the political question doctrine, act of state doctrine, and dismissal for failure to state a claim— are U.S. laws that are applied in this case without a substantial ground for difference of opinion sufficient for interlocutory appeal. Dkt. 66 at 9–10. As to both the political question doctrine and the act of state doctrine, the MoO asserts that the KRG has not presented any binding, analogous authority to dispute the court's ruling that the doctrines did not apply, and a party's own disagreement is not sufficient to warrant an

5

interlocutory appeal. Finally, the MoO argues that the KRG does not challenge the court's determination that it pled a plausible claim for relief, but rather the KRG tries to argue the substantive merits of the claim.

At the outset the court notes that there is not sufficiently analogous case law from other circuits to persuade the court that it has ruled in a manner that appears contrary to other Courts of Appeals' positions, or that there is a dispute amongst the circuits. Nor does resolution of the political question doctrine, act of state doctrine, or Rule 12(b)(6) involve questions arising under foreign law. And while these claims may involve novel and difficult questions of first impression, they involve application of relatively well-established doctrines and rules. Even if this court is the first court to rule on a particular question, that does not automatically create a substantial difference of opinion that will support an interlocutory appeal.

The court stands behind the reasoning in its original memorandum and opinion on these issues. Despite the fact that there is no completely analogous case law on which to rely, the court's application of these well-established doctrines resulted in simple conclusions. For example, this court found that the KRG had not alleged a decision of the U.S. Executive Branch that this court would be reexamining if it resolved the case. Therefore, the court does not believe there is a substantial ground for difference of opinion about the applicability of the first *Baker* test.[3] As to the second *Baker* test, the court found that there were sufficient judicially-manageable standards to resolve the issue: the text of the Iraqi Constitution; a decision by the Iraqi Federal Supreme Court; and a recent law passed by Iraqi Parliament. While the KRG may not agree with the standards the

---

[3] *See* Dkt. 57 at 4–11 for a review of the *Baker* tests (*Baker v. Carr*, 369 U.S. 186, 217, 82 S. Ct. 691 (1962)) and the court's analysis of tests as applied in this case.

court has identified, or think they are applicable, there is not a substantial ground for difference of opinion that judicially manageable standards exist.

As to the act of state doctrine, the court determined that the KRG did not establish that it could invoke the doctrine. The KRG provided scant authority showing that the doctrine applied to a region. The KRG has not shown that there was a substantial ground for difference of opinion that a region of a country can invoke the act of state doctrine. As to the Rule 12(b)(6) determination, the question is whether the facts, taken in the light most favorable to the plaintiff, supported a plausible claim. This is a deferential standard, and despite the fact that the KRG disagrees with the MoO's interpretation of the Iraqi Constitution, the court does not believe that the KRG has established a substantial ground for difference of opinion as to whether a plausible claim was pled.

The court does not find that there is a substantial ground for difference of opinion as to its determination on the political question doctrine, the act of state doctrine, or the Rule 12(b)(6) motion. Section 1292(b) has three requirements, and because one has not been met, the court need not analyze the others. Therefore, the KRG's motion to this court seeking certification of the entirety of the order is DENIED.[4]

### III. STAY OF THE CASE

Traditionally, a court considers four factors in evaluating whether to stay a case pending judicial review:

> 1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

---

[4] Of course, as the KRG points out, the Court of Appeals may decide to exercise its pendant appellate jurisdiction to consider any issues closely related to the FSIA decision before it, in the interest of judicial economy.

*Nken v. Holder*, 556 U.S. 418, 426, 129 S. Ct. 1749 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113 (1987)). However, "the movant need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A June 1981); *Moore v. Tangipahoa Parish Sch. Bd.*, 507 F. App'x 389, 393 (5th Cir. 2013). The equitable factors are the last three factors of the traditional test. *Ruiz*, 650 F.2d at 565.

      The parties disagree as to whether the KRG meets these criteria justifying a stay. Regardless of the traditional criteria for considering a stay, however, the court is persuaded that a stay is appropriate because it involves an appeal of this court's denial of immunity under the FSIA. Neither party cites, nor has the court found, cases directly on point. However, the Fifth Circuit allows for an automatic and immediate appeal of a denial of immunity under the FSIA in order to "effectuate the guarantee that immune parties will not become embroiled in litigation." *U.S. v. Moats*, 961 F.2d 1198, 1201 (5th Cir. 1992). The court also explains that, "sovereign immunity is an immunity from the burdens of becoming involved in *any* part of the litigation process, from pre-trial wrangling to trial itself." *Id.* at 1203 (emphasis added). The First Circuit has also explained that an appeal of a district court's denial of immunity under the FSIA "ordinarily divests the district court of jurisdiction to proceed with the litigation pending its resolution." *Ungar v. Palestine Liberation Org.*, 402 F.3d 274, 293 (1st Cir. 2005). Although the court has held that the FSIA does not provide sovereign immunity to the KRG, the fact that such a denial warrants an immediate and automatic appeal shows that this is not a traditional situation in which a stay pending an appeal is considered. Further, if the Fifth Circuit disagrees with this court's conclusion that the commercial activity exception applies, the KRG may be immune from all aspects of litigation with the MoO. For these reasons, and in the

8

interest of judicial economy, the court exercises its discretion to stay the case pending a ruling from the Court of Appeals on this court's denial of the KRG's sovereign immunity defense. Therefore, the motion for a stay pending the appeal is GRANTED with the following conditions.

The parties agree that the stay should not impede the MoO's right to seek a writ of sequestration from this court if the KRG attempts to discharge the Cargo. Dkts. 66 at 17; 70-1 at 10. Therefore, despite the stay, the MoO will still be able to seek a writ of sequestration from this court if the KRG attempts to discharge the Cargo.

The parties disagree about the MoO's request that the KRG should give the MoO ten days' notice of any further attempted sales or deliveries of oil in the United States. Dkts. 66 at 17; 70-1 at 11. The MoO argues that this condition is necessary to make the stay minimally fair and ensure that the status quo is maintained, especially considering the KRG's admission that it intends to bring other oil to the United States to sell. Dkt. 66 at 17. The KRG argues that future shipments are not at issue in this lawsuit as they are not named in the MoO's complaint or otherwise before the court. Dkt. 70-1 at 11. The KRG argues that the requested condition is a form of preliminary injunctive relief. *Id.*

Both parties raise valid objections. This court finds that a modification of the condition requested by the MoO is appropriate and equitable, given this court's limited jurisdiction. As a condition of the stay, the KRG is ORDERED to give the MoO ten days' notice of any further attempted sales or deliveries of oil in the Southern District of Texas.

### III. CONCLUSION

For the foregoing reasons, the motion to certify the order for an interlocutory appeal is DENIED, and the motion to stay the case pending the Court of Appeals' ruling on the appeal before it is GRANTED, with the conditions that 1) the MoO will still be able to seek a writ of sequestration from this Court if the KRG attempts to discharge the Cargo; and 2) the KRG is ORDERED to give the MoO ten days' notice of any further attempted sales or deliveries of oil in the Southern District of Texas.

Signed at Houston, Texas on February 26, 2015.

_____
Gray H. Miller
United States District Judge